<span style="color:red">**CORRECTED**</span>

# In the United States Court of Federal Claims

No. 25-1456
Filed: February 24, 2026

|  |  |
|---|---|
| LISA S. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Lisa S. Collins*, *pro se*, Raleigh, North Carolina, for plaintiff.

*Delisa M. Sánchez*, United States Department of Justice, Civil Division, Washington, D.C., for the defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

Before the Court is the complaint filed by Lisa S. Collins, proceeding *pro se*, and the government's motion to dismiss, ECF No. 11.  For the following reasons, the Court **GRANTS** the government's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the plaintiff's complaint under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

**BACKGROUND**

On August 29, 2025, Ms. Collins filed her complaint in this Court, alleging "lost or stolen [sic] VA Benefit income" by the "Lockport Bank of Lockport New York."  *See* Compl. 1-2, ECF No. 1.  This case seemingly involves two separate issues: (1) the Department of Veterans Affairs' ("VA") alleged failure to re-issue Ms. Collin's $291,681.00 in military and disability benefits; and (2) the allegedly mistaken liquidation of $20,000 from Ms. Collins' J.P. Morgan Chase ("Chase Bank") account by the VA-appointed fiduciary.  The identity (or identities) of the defendants named as parties in this case is not clear on the face of the complaint.  However, the Court notes that Ms. Collins raises allegations against various financial institutions—the "Lockport Bank of Lockport New York," "the Bank," and "Cornerstone Community Federal Credit Union"—all of which are non-governmental private entities.  *See, e.g.*, *id*. at 1, 13.

1

The following allegations taken from Ms. Collins' complaint are presumed to be true at this stage in the proceedings. Ms. Collins alleges that she was receiving monthly military and disability benefits payments of approximately $2,600 from the VA over a certain period of time. *Id.* at 1. On July 26, 2007, the VA deposited $291,681.00 into Ms. Collins' Cornerstone Community Federal Credit Union account via direct deposit. *Id.* at 1, 13. Shortly after the July 2007 deposit, Cornerstone Community Federal Credit Union returned the payment to the VA. *See generally* VA Ltr., ECF No. 1-1 at 3–4. In November 2007, the VA communicated to Ms. Collins that it claimed to have re-issued the July payment to her in the amount of $343,353.00. *Id.* at 3. The VA noted in its correspondence that "all payments returned to VA have been reissued to you [Ms. Collins] and accounted for." *Id.* As best as the Court can ascertain, Ms. Collins alleges that the VA never re-issued the money and therefore she did not receive the $291,687.00 payment in November 2007. *See, e.g.*, Compl. at 15.

Ms. Collins also alleges that $20,000 of her military disability benefits were "liquidated" from her Chase Bank account on April 10, 2025. *Id*. at 1. Based on Ms. Collins' checking account summary, Chase Bank seemingly reissued the $20,000 back to Ms. Collins' account in May 2025. *See* Pl's. Chase Bank Statements, ECF No. 1-1 at 1–2. Ms. Collins asserts that this initial withdrawal is due to an error made by her VA-appointed fiduciary, whom she does not identify. *See* Compl. 1, ECF No. 1. While Ms. Collins alleges fiduciary error in her complaint, she neither identifies the assigned fiduciary nor what remedy or relief she seeks for this second cause of action. Ultimately, as best as the Court can determine, Ms. Collins seeks to recover the amount that Cornerstone Community Federal Credit Union allegedly lost. *See Id*. at 15-16, ECF No. 1.

In August 2025, Ms. Collins requested information from the Court regarding bank deposits from the VA. *See* Office of the Clerk of Court Ltr., ECF No. 1-1 at 17. The Court responded, emphasizing that it is not an investigative agency, does not process submissions or records from the VA, and cannot provide litigants before it with legal advice. *Id*.

On December 23, 2025, the government filed a motion to dismiss the complaint, arguing that this Court lacks subject-matter jurisdiction over Ms. Collins' claims under RCFC 12(b)(1) and, in the alternative, Ms. Collins has otherwise failed to state a claim under RCFC 12(b)(6). *See generally* Government's Mot. to Dismiss, ECF No. 11. Specifically, the government argues that a jurisdictional predicate does not exist in this Court—where the only proper defendant is the United States of America—because Ms. Collins appears to raise claims against state and private actors. *See* Compl. 3, 13, ECF No. 1; Government's Mot. to Dismiss, ECF No. 11. The government further argues that jurisdiction is lacking in this Court because a comprehensive statutory scheme governing disputes over veterans' benefits preempts the Court's Tucker Act jurisdiction. *Id*. Finally, the government argues that Ms. Collins' complaint is bereft of substance and cannot be understood to state a claim against the United States. *Id*. Ms. Collins never filed a response in opposition to the government's motion to dismiss.

## LEGAL STANDARD

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court must presume all undisputed factual allegations are true and construe all reasonable inferences in

favor of the plaintiff.  *Reynolds v. Army and Air Force Exchange*, 846 F.2d 746, 747 (Fed. Cir. 1988).   The plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence.  *Id.*  Further, when a defendant challenges jurisdiction, the plaintiff bears the burden of presenting evidence that establishes the Court's jurisdiction.  *Id* at 748. While *pro se* litigants, are held to less stringent standards than formal pleadings drafted by represented parties, all litigants—represented or appearing *pro se*—must satisfy the Court's jurisdictional requirements.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Henke v. United States*. 60 F.3d 795, 799 (Fed. Cir. 1995).  If the Court finds that it lacks jurisdiction, then it must dismiss the action under RCFC 12(h)(3).

The Tucker Act confers jurisdiction upon the Court to hear claims on monetary relief against the United States founded upon the Constitution, statutes, regulations, or contracts.  28 U.S.C. § 1491(a)(1).  The Tucker Act itself does not create a cause of action, therefore the plaintiff must still identify a separate source of money-mandating law that creates the right to monetary damages.  *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

## DISCUSSION

After careful review, the Court finds that it lacks jurisdiction over the claims set forth in Ms. Collins' complaint.  Critically, Ms. Collins' fails to state a money-mandating claim against the United States—the *only* party that can be named as a defendant in this Court—under an express or implied-in-fact contract, statute, regulation, or constitutional provision.  *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009); *Collins v. United States*, 101 Fed. Cl. 435, 440 (Fed. Cl. 2011) (quoting *Fisher*, 402 F.3d at 1172) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages" to fall within the jurisdictional ambit of Court)).   To the extent that Ms. Collins' allegations are directed at non-governmental private actors—including the J.P. Morgan Chase, the Lockport Bank, or Cornerstone Community Federal Credit Union—the Court lacks jurisdiction to hear claims against these private actors.  *Capelouto v. United States*, 99 Fed. Cl. 682, 688 (Fed. Cl. 2011) (dismissing plaintiff's complaint because the Court does not have jurisdiction to decide wrongdoings by private actors);  *Nat'l City Bank of Evansville v. United States*, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties cannot be entertained.").

The Court lacks jurisdiction over Ms. Collins' claim alleging the denial of veterans benefits for other independent reasons.  For instance, the Veterans' Judicial Review Act of 1988 ("VJRA") preempts this Court's Tucker Act jurisdiction by establishing a comprehensive scheme for reviewing the denial of veteran benefits.  *Tyson v. United States*, 174 Fed. Cl. 205, 210 (Fed. Cl. 2024) (quoting *Prestidge v. United States*, 611 F. App'x 979, 982 (Fed. Cir. 2015) ("Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits.").  The VRJA provides that an individual challenging an initial benefits determination by the VA must first file a notice of disagreement with the Board of Veterans Appeals ("BVA").  38 U.S.C. §§ 7104(a), 7105(a).  After the BVA renders a decision on the benefits determination, the individual may then seek judicial review of that decision in the Court of Appeals for Veterans Claims—*not* in this Court.  38 U.S.C. § 7266(a); *See Judkins v. Veterans Admin.*, 415 F.Supp.2d 613, 617-19 (E.D.N.C. 2005) (holding that the supervision of VA-appointed fiduciaries are conducted "under a law that affects the provision of benefits" and should be resolved by the proper administrative

channels, like the Board of Veterans' Appeals, not the district court); *Whitemire v. United States Veterans Administration*, 661 F. Supp. 720, 722 (W.D. Wash. 1986) (holding that the plaintiff' must first exhaust the appropriate administrative remedies before bringing due process claims about the incompetence and appointment of his VA fiduciary).  There is no evidence that Ms. Collins has challenged the alleged denial of veterans' benefits at the agency level.  More importantly, the law is clear that any judicial remedy Ms. Collins possesses can only be pursued at the Court of Appeals for Veterans Claims rather than this Court.

Therefore, even if Ms. Collins' claims were understood to be asserted against the VA for failing to re-issue payments or for fiduciary error, it is well-settled that such a challenge must comply with the statutory scheme set out in §§ 7105 and 7266.  These provisions first require an administrative determination at the VA and then judicial review by the Court of Appeals for Veterans Claims. 38 U.S.C. § 7266(a).

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** government's motion to dismiss, ECF No. 11, and **DISMISSES WITHOUT PREJUDICE** the complaint for lack of subject-matter jurisdiction under RCFC 12(h)(3).  Because the Court dismisses the complaint for lack of subject-matter jurisdiction, the Court does not address the government's alternative basis for dismissal under RCFC 12(b)(6) for failure to state a claim.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge